### THE STATE v. JOHN HARMON.

*Larceny—Indictment—Jurisdiction.*

Where the property stolen was, at the time of the taking, in a United States warehouse, where it was required by the Federal Revenue Laws to be deposited until gauged, and the tax thereon paid: *Held*—

1. That the indictment properly charged the taking to be from the possession of the owner of the property.
2. That the State Courts had jurisdiction of the offence.

CRIMINAL ACTION, tried at July Term, 1889, of CUMBERLAND Superior Court, *Connor, J.,* presiding.

The defendant was indicted for the larceny of ten gallons of whiskey. The property was laid in one W. G. Johnson. It was in evidence that the whiskey was in the government warehouse on the premises of the said Johnson, "and within the survey made by the government officer." It was also in evidence that the whiskey had been gauged, but the tax had not been paid; that the key to the warehouse was in the possession of Col. W. H. Yarborough, the Collector of

Internal Revenue, and that the prosecutor had no control over the said warehouse, or right to enter it. It was also proved that the whiskey was the property of the prosecutor.

There was testimony tending to show that the warehouse was broken open and the whiskey taken by the defendant.

The defendant asked the Court to instruct the jury that, "upon the testimony, W. G. Johnson had not such property in, or possession of, the whiskey as would sustain the charge."

The Court refused to so instruct the jury, and the defendant excepted.

There was a verdict of guilty, and the defendant appealed.

*The Attorney General,* for the State.
*Mr. John D. Shaw* (by brief), for the defendant.

SHEPHERD, J.: We are entirely satisfied that the ownership was properly laid in Johnson, the prosecutor.

It is true that the United States Government had the whiskey in its possession, and also a lien upon it until the taxes were paid (Rev. Stat. U. S., 3251), but the general ownership remained in the prosecutor, who had a right to take it away as soon as the lien was satisfied.

Herein lies the distinction between the parting with the right of possession for a definite time, and the parting with nothing but the possession, to be resumed at the will of the owner. "In the latter case (the owner) does not for an instant part with the general right of possession; he confers a qualified right only, which he may put an end to when he will. In the former case, he parts with the whole right of possession for the time; the bailee, the carrier, the *pawnee,* have never more than a partial right; the owner may resume the goods on satisfying their lien when he will."

2 Russell Crimes, 289. The author then states that, in the last mentioned cases, the property may be laid in the owner. See, also, Wharton's Crim. Law., sec. 1824.

The next point relied upon by the defendant is that this is a Federal offence, and that the State Courts have no jurisdiction. In support of this position he invokes the aid of section 3296 Rev. Stat. U. S., which makes it indictable to remove distilled spirits from a government warehouse before the lien for taxes is satisfied, or to conceal the same after such removal.

In disposing of this question, it is only necessary to say that the Federal statutory offence is quite distinct from the crime of larceny, although the latter includes some of the elements of the former. The principles declared in *State* v. *White and Cross*, 101 N. C., 770, recently affirmed by the Supreme Court of the United States, are decisive of this point against the defendant.

Affirmed.